# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| ERIC FRISCHHERTZ,<br>*Plaintiff*<br><br>v.<br><br>PHILLIP KING, MICHAEL LOONEY TRUCKING, LLC, SOKOL BELI, AND WORLD CLASS EXPRESS, INC.,<br>*Defendants* | §<br>§<br>§<br>§ Case No. A-19-CV-1017-LY<br>§<br>§<br>§<br>§ |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL**
**UNITED STATES DISTRICT JUDGE**

Before this Court are Defendants' Phillip King and Michael Looney Trucking, LLC's Opposed Motion to Transfer Venue, filed on October 25, 2019 (Dkt. No. 3), and Plaintiff's Response to Defendants' Motion to Transfer Venue, filed on November 4, 2019 (Dkt. No 9). The Defendants did not file a Reply. On November 5, 2019, the District Court referred the above motion and related filings to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I. BACKGROUND

At 12:45 p.m. on May 11, 2019, Eric Frischhertz, M.D. ("Plaintiff"), a cardiologist practicing and residing in Austin, Texas, was driving northbound in the 900 block of Interstate Highway 35 ("IH-35") in Belton, Texas. At the same time, Phillip King ("King"), an Arkansas citizen and employee of Michael Looney Trucking, LLC ("Looney"), an Arkansas corporation, was driving a tractor trailer northbound on IH-35 a few vehicles ahead of Plaintiff. Plaintiff alleges that King failed to slow down properly when traffic ahead of him slowed, and negligently crashed into two

vehicles in front of him. After this initial collision, Plaintiff alleges that Sokol Beli ("Beli"), a Michigan citizen and employee of World Class Express, Inc. ("Express"), a Michigan corporation, who was driving a tractor trailer a few vehicles behind Plaintiff, also failed to stop safely and struck Plaintiff's vehicle, propelling it into the center median and causing Plaintiff to suffer serious personal injuries. Plaintiff alleges that he was taken by ambulance to an emergency room and suffered "serious injuries with ongoing symptoms and medical treatment." Dkt. No. 1-2 at p. 7.

On August 30, 2019, Plaintiff filed this negligence lawsuit against King, Beli, Looney, and Express in Travis County District Court, alleging that the collision was proximately caused by the negligence of the Defendants and was the proximate cause of Plaintiff's injuries and damages. *See Frischhertz v. King*, D-1-GN-19-005721 (98th Dist. Ct., Travis County, Tex. Aug. 30, 2019). On October 17, 2019, Defendants King and Looney (hereinafter "Defendants") removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity between the parties.

Defendants have filed the instant Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a), arguing that the lawsuit should be transferred to the Waco Division of the Western District of Texas because the accident occurred in Belton, Texas, which is located in the Waco Division. Although Belton is almost equidistant between Waco and Austin, Defendants argue that it would be more convenient for the witnesses and parties to litigate this case in the Waco Division rather than the Austin Division. Plaintiff disagrees and argues that Defendants have not met their burden to show that this case should be transferred to the Waco Division. The Court agrees.

## II. STANDARD OF REVIEW

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision whether to transfer a case under § 1404(a) is a matter within the district court's sound discretion. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 311 (5th Cir. 2008).

Because a plaintiff has the privilege of choosing the venue in which to file, the defendant bears the burden of proving that a transfer of venue would be "clearly" more convenient for the parties and witnesses and in the interest of justice. *See In re Volkswagen of Am. Inc.*, 545 F.3d 305, 315 (5th Cir. 2008) ("*Volkswagen II*"); *Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159, 1163 (5th Cir. 1987) (stating that "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum that may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum"). The defendant must show "good cause" for the transfer. *Volkswagen II*, 545 F.3d at 315.

> When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer.

*Id.*

The preliminary question under § 1404(a) is whether the action "might have been brought" in the destination venue. *Volkswagen II*, 545 F.3d at 312. After determining the suit could have been filed in the destination venue, the Court weighs the parties' private interests in convenience and

3

the public interest in the fair administration of justice. *Id.* at 315. The private interest factors include:

1. the relative ease of access to sources of proof;
2. the availability of compulsory process to secure the attendance of witnesses;
3. the cost of attendance for willing witnesses; and
4. all other practical problems that make trial of a case easy, expeditious, and inexpensive.

*Id.* The public interest factors include:

1. the administrative difficulties flowing from court congestion;
2. the local interest in having localized interests decided at home;
3. the familiarity of the forum with the law that will govern the case; and
4. the avoidance of unnecessary problems of conflict of laws in the application of foreign law.

*Id.* The Fifth Circuit has clarified that these factors are not exhaustive or exclusive, and that none is dispositive. *Id.*

### III. ANALYSIS

**A. Preliminary Inquiry**

The preliminary inquiry in the § 1404(a) analysis is whether the lawsuit could have been brought in the division to which the movant seeks a transfer. *Id.* at 312. The venue statute provides that venue is proper in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). There is no dispute that the accident giving rise to Plaintiff's lawsuit occurred within the Western District of Texas. Thus, this case could have properly been brought in any division, including the Waco Division, within the Western District of Texas.

**B. Private Interest Factors**

1. Relative Ease of Access to Sources of Proof

The private interest factor concerning the relative ease of access to proof is focused on the location of documentary and physical evidence. *See Volkswagen II*, 545 F.3d at 316. Although

some documents and other evidence can easily be transmitted electronically, the law is clear that ease of access to proof remains a factor that must be considered when evaluating a case for transfer under § 1404(a). *Id.*

Defendants argue that because the accident occurred in Belton, and "important, non-party witnesses" such as the police officers and emergency medical treatment providers reside in Belton, the case should be transferred to Waco. Defendants, however, fail to acknowledge that Belton is not located in the city of Waco, where the United States Courthouse for the Waco Division is located. As noted, Belton is nearly equidistant between the United States Courthouses in Waco and Austin. Specifically, Belton is located approximately 42 miles from the United States Courthouse in Waco and 61 miles from the United States Courthouse in Austin. Thus, Defendants are arguing that a difference of 19 miles from the sources of proof shows that transferring the case to Waco would be clearly more convenient for the parties and in the interests of justice. The Court finds that such a negligible difference between the two venues does not support transferring the case to Waco.

Defendants also point to witnesses to the accident who reside in Temple and Salado, Texas. The Salado witnesses are nearly the same distance from the Austin and Waco courthouses, while Temple is only a few miles closer to Waco. In addition, Plaintiff has identified two non-party witnesses to the accident who live much closer to Austin than to Waco. See Dkt. No. 9 at p. 2.

Plaintiff argues, moreover, that the major issue at trial will be the amount of damages Plaintiff sustained as a result of his injuries. All of Plaintiff's treating physicians are located in the Austin Division, not the Waco Division. *Id.* at p. 3. Thus, most of the sources of proof regarding damages in this case are located in the Austin Division, not the Waco Division. Accordingly, this factor does not weigh in favor of transfer.

5

2. <u>Availability of Process to Secure the Attendance of Witnesses</u>

The second private interest factor instructs the Court to consider the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order. *Volkswagen II*, 545 F.3d at 315. Rule 45 provides that a Court has subpoena power over a witness to compel the witness's attendance at a trial or hearing within 100 miles of the witness's residence, place of employment, or regular place of business. Fed. R. Civ. P. 45(c)(1)(A). A Court, furthermore, may compel a person to attend a trial or hearing within the state in which the person resides, is employed, or regularly transacts business if the person is a party or party's officer or is commanded to attend a trial and would not incur substantial expense. Fed. R. Civ. P. 45(c)(1)(B). However, Rule 45 also states that a court may quash a subpoena that requires a party or non-party to travel more than 100 miles to attend trial if the person would incur substantial expense. Fed. R. Civ. P. 45(d).

Defendants have not identified any non-party witnesses who reside outside the 100-mile range of the federal subpoena if the case was tried in Austin. Plaintiff, however, has identified four witnesses – Plaintiff's treating medical providers – who are all outside of the 100-mile range of the Waco courthouse. Accordingly, litigating this case in Waco would not be clearly more convenient for these witnesses.

In addition, all of the witnesses identified by the Defendants fall within both the Austin and Waco Divisions' subpoena power under Rule 45(c)(1)(B)(i). Litigating this case in Waco thus would not be any more or less convenient for these witnesses. *See Zamora v. Stroman*, 2017 WL 2634190, at *4 (W.D. Tex. June 16, 2017) (finding that transferring case to Waco would not be more convenient for nonparty witnesses where Waco and Austin both had subpoena power over those witnesses). This factor does not weigh in favor of transfer.

3. <u>Costs of Attendance for Willing Witnesses</u>

The third private interest factor is the cost of attendance for willing witness. As noted above, Defendants argue that it would be more convenient for the witnesses located in Belton and Temple to travel to Waco instead of Austin. As already noted, traveling a few extra miles does not demonstrate a significant inconvenience for these witnesses.

In contrast, Plaintiff has identified several of his treating physicians and medical providers who reside within the Austin Division who will testify at the trial and would be inconvenienced if they have to travel to Waco instead of Austin. In addition, Plaintiff has identified several other witnesses who reside in the Austin Division, including his wife and co-workers, who also will testify at trial regarding Plaintiff's injuries and pain and suffering. These witnesses would be inconvenienced if they had to travel to Waco instead of Austin. "In general, a transfer should not be made where the only practical effect is to shift inconvenience from the moving party to the non-moving party." *Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 726 (W.D. Tex. 2013) (internal citation omitted).

All of the Defendants in this case reside are non-Texas residents. As noted, King resides in Arkansas and Beli resides in Michigan. Looney is an Arkansas corporation and Express is a Michigan corporation. Accordingly, all of these party witnesses would be equally inconvenienced by traveling to either Waco or Austin. *See Zamora*, 2017 WL 2634190, at *4 (finding that out-of-state witnesses would be similarly inconvenienced if the case was tried in either Waco or Austin). Moreover, as Plaintiff points out, the Austin airport is a major international airport served by numerous airlines and daily flights. In contrast, the Waco airport is a small regional airport which is served by only one airline. Accordingly, these witnesses also would be more inconvenienced by traveling to Waco rather than to Austin. Accordingly, this factor weighs against transfer.

####  4. All other Practical Problems

The fourth private interest factor is "all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Volkswagen II*, 545 F.3d at 315. Defendants have failed to identify any other practical problems that would arise that favor transferring this case to Waco. This factor therefore weighs against transfer.

In sum, Defendants have failed to show that any of the private factors weigh in favor of transferring the case to the Waco Division.

### C. Public Factors

Defendants have failed to address any of the public factors and thus has failed to sustain their burden of proof on these factors.

### D. Conclusion

Defendants have not shown "good cause" for transfer of the instant case to the Waco Division. Defendants had the burden to "*clearly demonstrate* that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Volkswagen II*, 545 F.3d at 314 (quoting 28 U.S.C. § 1404(a)) (emphasis added). The Court finds Defendants have not met their burden of showing venue is clearly more convenient in the Waco Division for the parties and witnesses in this case. "[W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315. Accordingly, Defendants' Motion to Transfer Venue should be denied.

### IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Defendants Phillip King and Michael Looney Trucking, LLC's Opposed Motion to Transfer Venue (Dkt. No. 3).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on December 5, 2019.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE